# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 23, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| JEFF DAVIS and CYNTHIA DAVIS, | * | Case No. 14-276 |
| Legal Representatives of a Minor Child, | * | |
| P.D., | * | Special Master Dorsey |
| | * | |
| Petitioners, | * | |
| | * | |
| v. | * | Petitioners' Motion for Dismissal |
| | * | Decision; Insufficient Proof of |
| SECRETARY OF HEALTH | * | Causation; Vaccine Act Entitlement; |
| AND HUMAN SERVICES, | * | Rotavirus Vaccines; Intussception; |
| | * | Hepatic Flexure, Appendicitis. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Jeremy Zivko Soso, Lambert Firm, PLC, for Petitioners.
Lara Ann Englund, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On April 9, 2014, Jeff and Cynthia Davis ("petitioners") filed a petition for compensation under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"), alleging that their daughter, P.D., suffered intussception, hepatic flexure, and appendicitis, resulting from rotavirus vaccines that she received on May 10, 2011, July 8, 2011, and September 16, 2011. Petition at 1.

Respondent filed the Rule 4(c) report on October 15, 2014, stating that this case was not appropriate for compensation. Respondent stated that petitioners failed to proffer a medical

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

1

opinion or theory sufficient to establish a logical cause and effect relationship between P.D.'s vaccinations and her injury, and thus petitioners have failed to demonstrate their entitlement to compensation.

On February 13, 2015, petitioners filed a motion for a dismissal decision. In their motion, petitioners state that "an investigation of the facts and science supporting this case has demonstrated to Petitioners that they will be unable to prove that they are entitled to compensation in the Vaccine Program." Motion at 1. Petitioners states that they understand that a decision by the Special Master will result in a judgment against them, and that such a judgment will end all rights in the Vaccine Program. Id. Respondent has no objection to petitioners' motion.[2]

To receive compensation under the Vaccine Act, petitioners must prove either 1) that P.D. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that P.D. suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that P.D. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that P.D.'s injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioners, however, have not offered a medical expert opinion.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[2] Respondent was contacted on February 23, 2015, via email by the undersigned's law clerk, and respondent confirmed that she has no objection to the special master issuing a decision dismissing the petition.